**COMMONWEALTH of Pennsylvania, Appellee,**

**v.**

**Ronald James BAKER, Appellant.**

Superior Court of Pennsylvania.

Submitted July 23, 2001.

Filed Aug. 17, 2001.

Ronald J. Baker, Houtzdale, in propria personna.

Stephen G. Downs, Assistant District Attorney, Towanda, for Com., appellee.

Before: CAVANAUGH, JOHNSON and HESTER, JJ.

CAVANAUGH, J.

¶ 1 Acting *in propria persona*, Ronald J. Baker has appealed from an order of the Bradford County court which refused to enter an order to stay the collection of money from his inmate account pursuant to statutory authority. The proceeding instituted by Baker is a civil action which should be pursued in the Commonwealth Court. *See Sweatt v. Department of Corrections*, 769 A.2d 574 (Pa.Cmwlth.2001). Nevertheless, in the interest of institutional comity and system-wide efficiency, we accept the appeal for disposition. Pa. R.A.P. 741.

¶ 2 There is no evidentiary record in the present matter and we rely on statements in appellant's brief and the criminal court record which accompanied this appeal.

¶ 3 Baker is incarcerated in the state correctional system as the result of a sentence on a guilty plea. He was sentenced on August 18, 1997, and is presently an inmate at the facility at Houtzdale, Pa. As part of his sentence, he was directed to pay costs and restitution. Pursuant thereto, deductions are being made from his inmate account. Baker sought in the trial court to have the order for payment from his account vacated. This was denied and we now have his appeal. Baker's argument is straightforward. He claims that the statutory authority for deduction from his inmate personal account applies to inmates transferred to a state institution after October 18, 1998, and that, he, having been in state custody since 1997, is not subject to the deduction system. We disagree.

¶ 4 The authority for collection of restitution, costs, fines and penalties, is found in 42 Pa.C.S.A. § 9728. The provision enacted June 18, 1998, became effective October 18, 1998, and contains nothing which would limit its application to offenders who only came into a Department of Correc-

tions institution after the effective date of the provision. The legislature has enacted in § 9728 a comprehensive provision for the collection of inmate obligations, and we can conceive of no reason why it should be applicable only to offenders prospectively. In reviewing the statute, we find no such limitation.

¶ 5 Rather, it appears that appellant has incorrectly "borrowed" the reach of the applicable provision from another part of the legislative enactment. In 42 Pa.C.S.A. § 9764, the legislature provided for a detailed plan of interchange of offender information upon transfer of offenders into the custody of the Department of Corrections, as well as exchange of information when there is a transfer from the Department of Corrections to a county correctional facility. This law, which included direction to the Department of Corrections and the Pennsylvania Board of Probation and Parole to develop implementing procedures, was by its terms, limited to offenders transferred and released only after October 18, 1998. 42 Pa.C.S.A. § 9764(I). It can readily be seen that this provision of the Act of June 18, 1998, P.L. 640 No. 84, which mandated new requirements of record keeping and transmittal of information and is applicable to both county and commonwealth correctional facilities, may reasonably only be mandated prospectively.

¶ 6 We reject appellant's argument that deductions from his account are being made without statutory authority.

¶ 7 Order affirmed.