COMMONWEALTH of Pennsylvania,
Appellee,

v.

Michael JACKSON, Appellant.

Superior Court of Pennsylvania.

Submitted May 25, 2004.
Filed Sept. 8, 2004.

Michael Jackson, Frackville, for appellant.

George N. Marros, Asst. Dist. Atty., York, for Commonwealth, appellee.

Before: HUDOCK, JOYCE, MUSMANNO, KLEIN, BENDER, BOWES, GANTMAN, McCAFFERY and PANELLA, JJ.

HUDOCK, J.

¶ 1 *En banc* consideration was granted in this case in order to resolve the apparent inconsistency in our prior cases involving the treatment of inmate appeals from trial court dispositions that properly lie in the original jurisdiction of the Commonwealth Court. We affirm.

¶ 2 The relevant facts and procedural history may be summarized as follows: On October 14, 1999, Appellant pled *nolo contendere* to various charges involving the sexual abuse of his daughter. He was sentenced to an aggregate term of three and one-half to ten years of imprisonment, plus costs and restitution. No direct appeal was filed. Subsequently, the Department of Corrections (DOC) began taking twenty percent of all monies deposited in Appellant's prison account[1] and forwarding the funds to the Court of Common Pleas of York County (the trial court), as payment toward Appellant's outstanding balance owed for court costs and restitution. On October 9, 2002, Appellant filed a *pro se* petition with the trial court in an effort to stop these deductions.[2] Concluding that it did not have jurisdiction to consider Appellant's claim, the trial court denied the petition. This *pro se* appeal followed. Appellant complied with the trial court's request for a concise statement of matters complained of on appeal, pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure, and the trial court has filed its Rule 1925(a) opinion in which it addressed the claims raised by Appellant.

¶ 3 Appellant raises the following issues on appeal:

1. WHETHER THE LOWER COURT ERRED IN CONCLUDING AS A MATTER OF LAW THAT IT LACKED JURISDICTION TO GRANT [APPELLANT] RELIEF UPON [HIS] PETITION TO HALT DEDUCTIONS FROM HIS INMATE ACCOUNT, WHERE THE COURT COULD HAVE HELD A HEARING, ESTABLISHED [APPELLANT'S] INDIGENCY, AND ORDERED THE [DOC] TO HALT THE DEDUCTIONS?

---

1. The legislation authorizing such deductions, commonly known as Act 84, was enacted by the General Assembly on June 18, 1998, effective in 120 days. Act 84 amended section 9728 of the Sentencing Code by, *inter alia,* providing a new subsection (b)(5). Section 9728(b)(5) provides:

   The county correctional facility to which the offender has been sentenced or the Department of Corrections shall be authorized to make monetary deductions from inmate personal accounts for the purpose of collecting restitution or any other court-ordered obligation. Any amount deducted shall be transmitted by the Department of Corrections or the county correctional facility to the probation department of the county or other agent designated by the county commissioners of the county with the approval of the president judge of the county in which the offender was convicted. The Department of Corrections shall develop guidelines relating to its responsibilities under this paragraph.

2. In support of his petition, Appellant relied upon the Commonwealth Court's decision in *Boofer v. Lotz,* 797 A.2d 1047 (Pa.Cmwlth. 2002). We note that the *Boofer* decision was recently reversed and remanded, via a *per curiam* order of our Supreme Court, because the Commonwealth Court erred in granting the appellee inmate relief upon a claim neither preserved in the trial court nor raised on appeal. *See Boofer v. Lotz,* 577 Pa. 12, 842 A.2d 333 (2004).

2. WHETHER THE LOWER COURT ERRED IN CONCLUDING AS A MATTER OF LAW THAT 42 Pa.C.S.A. § 9728(B)(5) CREATES AN ALTERNATIVE PROCEDURE TO INITIATE DEDUCTIONS FROM AN INDIGENT INMATE'S PRISON ACCOUNT AS OPPOSED TO MERELY AUTHORIZING THE [DOC] TO FULFILL ITS ROLE IN A PROCEDURE WHICH BEGINS IN THE TRIAL COURT?

3. WHETHER THE LOWER COURT DENIED [APPELLANT] DUE PROCESS BY PERMITTING THE [DOC] TO INITIATE COLLECTION PROCEEDINGS AGAINST HIM SUA SPONTE WITHOUT ANY DETERMINATION AS TO [APPELLANT'S] ABILITY TO PAY?

4. WHETHER THE [DOC] HAS OVERREACHED ITS AUTHORITY UNDER 42 Pa.C.S.A. § 9728 BY ALSO MAKING A TWENTY PERCENT DEDUCTION FROM NON–WAGES DEPOSITED IN [APPELLANT'S] ACCOUNT BY FAMILY AND FRIENDS?

Appellant's Brief at 3.

¶ 4 We must first determine whether the trial court properly concluded that it lacked subject matter jurisdiction over Appellant's petition. This Court has recently addressed this issue in *Commonwealth v. Danysh*, 833 A.2d 151 (Pa.Super.2003).[3] In *Danysh*, the defendant was sentenced to a term of twenty-two and one-half to sixty years in a state correctional institution. Subsequently, the DOC advised the defendant that it was going to start deducting twenty percent of his prison earnings pursuant to Act 84. The defendant attempted to stop the Act 84 deductions by filing a motion in the trial court. The trial court denied the defendant's motion on its merits. On appeal, this Court noted that 42 Pa.C.S.A. section 761(a) grants the Commonwealth Court original jurisdiction over civil suits against statewide government actors. We explained that the defendant's petition was a civil action instituted against the Commonwealth government, which includes the DOC. Thus, in *Danysh*, this Court held that the Commonwealth Court had original jurisdiction over this claim, and the trial court's order was vacated.[4]

¶ 5 The reasoning in *Danysh* is applicable here also. Appellant is serving a term of three and one-half to ten years in a state correctional institution, and the DOC is garnishing Appellant's prison account pursuant to Act 84. Appellant filed a petition to stop the deductions in the Court of Common Pleas of York County. There is no evidence, however, that these deductions are being made pursuant to a request by the District Attorney of York County or pursuant to an enforcement order of the trial court.[5] Thus, the Commonwealth

---

3. In *Danysh*, 833 A.2d at 152 n. 1, we further explained that although the trial court lacked subject matter jurisdiction, this Court possessed appellate jurisdiction since the defendant's appeal was from a final order. The same is true in the present case.

4. We did note, however, that the trial court would have had jurisdiction if the defendant was incarcerated in the county jail as opposed to a state correctional institution. *Danysh*, 833 A.2d at 154.

5. Had such evidence existed, this Court would have jurisdiction. *See Commonwealth v. Fleming*, 804 A.2d 669, 670 (Pa.Super.2002) (holding that the district attorney may apply to a trial court to garnish a prisoner's account for unpaid monies due on a criminal sentence and hold a hearing on the request; this Court has jurisdiction to review such enforcement orders).

Court, not the trial court, had original jurisdiction over Appellant's petition. *Danysh*, 833 A.2d at 154; *see also Commonwealth v. Parella*, 834 A.2d 1253, 1255–56 (Pa.Cmwlth.2003) (vacating trial court's order denying motion of inmate, who was serving a ten to twenty year term of incarceration in a state correctional institution, to stop Act 84 deductions because the Commonwealth Court has original jurisdiction; however, "where the method by which an inmate seeks to end Act 84 deductions involves the validity or modification of the underlying sentence, original jurisdiction lies with the common pleas court" regardless of the inmate's place of confinement).[6] Appellant should have filed his petition for review of this governmental determination by the DOC with the Commonwealth Court, naming not only the Commonwealth but also an agency of the Commonwealth or an officer thereof, as respondent. *Danysh*, 833 A.2d at 153 n. 4; *Parella*, 834 A.2d at 1255 n. 5.[7] Accordingly, we affirm the order of the trial court in which it concluded that it lacked jurisdiction to address Appellant's petition, without prejudice to seek relief from the Commonwealth Court.

¶ 6 In reaching this result, we are not unaware of this Court's previous panel decision in *Commonwealth v. Baker*, 782 A.2d 584 (Pa.Super.2001). In *Baker*, the defendant who, like Appellant and the defendant in *Danysh*, was serving his sentence in a state correctional institution, petitioned the trial court in an effort to halt deductions from his prison account being made pursuant to Act 84. The trial court refused to enter an order to stay the deductions. On appeal, a panel of this Court noted that the defendant's petition should have been filed with the Commonwealth Court. Nevertheless, "in the interest of institutional comity and system-wide efficiency," the panel proceeded to review the merits of the defendant's claim and affirmed the trial court's order denying him relief. *Baker*, 782 A.2d at 585.

¶ 7 The *Baker* panel cited to Rule 741 of the Pennsylvania Rules of Appellate Procedure as support for the proposition that, in its discretion, it could reach the merits of a prison inmate's request to halt the DOC's Act 84 deductions from his prison account. Rule 741 reads, in pertinent part, as follows:

**Rule 741. Waiver of Objections to Jurisdiction**

**(a) General rule.** The failure of an appellee to file an objection to the jurisdiction of an appellate court on or prior to the last day under these rules for the filing of the record shall, unless the appellate court shall otherwise order, operate to perfect the appellate jurisdiction of such appellate court, notwithstanding any provision of law vesting jurisdiction of such appeal in another appellate court.

Pa.R.A.P. 741(a). Ordinarily, this rule allows this Court to accept jurisdiction of an appeal that belongs in another appellate court when the parties do not object. *See Commonwealth v. Smith*, 722 A.2d 167, 169 (Pa.Super.1998). Rule 741 does not, however, confer original jurisdiction on the

---

6. In *Parella*, the Commonwealth Court first noted that it generally has no appellate jurisdiction in cases concerning Act 84. The Court found, however, that the parties' failure to object perfected appellate jurisdiction. *Parella*, 834 A.2d at 1254 n. 2. The Commonwealth Court then cites with approval our decision in *Danysh* and confirms our conclusion that the inmate's motion to stop Act 84 deductions generally lies within the original jurisdiction of the Commonwealth Court. *Parella*, 834 A.2d at 1255.

7. Subsequent to our decision, Danysh did file a petition for review in the Commonwealth Court. *See Danysh v. Dept. of Corrections*, 845 A.2d 260 (Pa.Cmwlth.2004).

trial court to hear a case when the Commonwealth Court, in such matters as those involving Act 84 deductions, possesses exclusive, original jurisdiction. *See* 42 Pa. C.S.A. 761 (conferring original jurisdiction in Commonwealth Court of all civil actions or proceedings against the Commonwealth government, including an officer thereof acting in his official capacity).

¶ 8 Of course, when the trial court had no jurisdiction to consider the merits of a case, this Court has no jurisdiction to review the merits of the claims underlying the trial court's ruling. Given the Commonwealth Court's exclusive, original jurisdiction in claims regarding Act 84 deductions, the concepts of "institutional comity" and "system-wide efficiency" should not be relied upon as reasons for this Court's exercise of appellate jurisdiction. Thus, to the extent that *Baker, supra,* stands for the proposition that this Court can entertain appeals from trial courts' dispositions which concern matters involving the original jurisdiction of the Commonwealth Court, it is specifically overruled.[8]

¶ 9 Order affirmed.

---

8. Of course, this Court does possess appellate jurisdiction to review, as in the present case, the trial court's conclusion that it lacked subject matter jurisdiction. 42 Pa.C.S.A. § 742.