J-S56030-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILBUR CYRUS BROWN | |
| Appellant | No. 787 MDA 2015 |

Appeal from the Order Entered March 18, 2015
in the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0002421-2005

BEFORE:  SHOGAN, J., JENKINS, J., and PLATT, J.[*]

MEMORANDUM BY JENKINS, J.:                    **FILED OCTOBER 15, 2015**

Appellant Wilbur Cyrus Brown appeals *pro se* from an order entered in the Cumberland County Court of Common Pleas denying his "Petition for Termination of Court Costs and Fines, Act 84[1] Collection" ("Act 84 petition").  For the reasons that follow, we vacate the order.

Appellant pleaded guilty to rape[2] on June 8, 2006.  On December 26, 2006, the trial court sentenced Appellant to 5-10 years' incarceration in

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. § 9728, commonly referred to as Act 84, authorizes the county correctional facility or the Department of Corrections to deduct monies from inmate prison accounts as payment towards outstanding court costs and restitution.  **Commonwealth v. Jackson**, 858 A.2d 627, 628 n.1 (Pa.Super.2004).

[2] 18 Pa.C.S. § 3121.

state prison. Additionally, Appellant's sentence included $3,590.82 in court costs. Appellant filed neither post-sentence motions nor a direct appeal.

On November 19, 2014, Appellant filed the Act 84 petition. The trial court conducted a hearing via video conference on February 20, 2015, and denied the Act 84 petition on March 18, 2015. Appellant filed a motion for reconsideration on April 8, 2015, which the court denied on April 10, 2015. On April 23, 2015, Appellant filed a notice of appeal.[3] The trial court did not order Appellant to file a statement of matters complained of on appeal, but filed an opinion pursuant to Pennsylvania Rule of Appellate Procedure 1925 on May 15, 2015.

Appellant raises the following two issues for our review:

1.) Was the Defendants rights violated by not having a hearing pryor to imposing sentence to determine his Ability to pay court cost? Was Due Process violated?

_____

[3] The trial court's order denying the Act 84 petition is dated March 18, 2015. The docket reveals, however, that the trial court did not mail the order to Appellant until the following day, March 19, 2015, such that the 30th day fell on April 18, 2015, a Saturday. Consequently, Appellant had until the following Monday, April 20, 2015, to timely appeal. His notice of appeal is dated April 17, 2015. Therefore, although the notice of appeal was not docketed until April 23, 2015, per the prisoner mailbox rule, we deem the instant petition to have been timely filed. **See Commonwealth v. Patterson**, 931 A.2d 710, 714 (Pa.Super.2007) (noting that, even without a postmark definitively noting the date of mailing, this Court may avoid quashal where the date of receipt indicates appellant likely placed the notice of appeal in the hands of prison authorities before the expiration of 30 days).

> 2.) Was the Defendants Rights Violated Under Equal Protection not by having him work 1000s of more hours to Pay off said cost than a person with Financial means?

Appellant's Brief, p. 5 (verbatim).

Initially, because it bears directly on the validity of the underlying order, we must determine whether the court of common pleas had subject matter over this Act 84 petition before proceeding to the merits of Appellant's claims.[4]  **See Commonwealth v. Danysh**, 833 A.2d 151, 152 (Pa.Super.2003) (raising, *sua sponte*, the question of subject matter jurisdiction of an Act 84 claim ruled upon by the court of common pleas). Generally, unless a challenge to Act 84 deductions questions the validity or modification of the underlying sentence, petitions seeking the cessation of Act 84 deductions from state prison accounts fall within the original jurisdiction of the Commonwealth Court.[5]  **Commonwealth v. Jackson**, 858 A.2d 627, 629-30 (Pa.Super.2004); **see also** 42 Pa.C.S. § 761.[6]

_____

[4] Despite the conclusion discussed **infra** that the trial court lacked subject matter jurisdiction, our own appellate jurisdiction in this matter is not in question.  **See Danysh**, 833 A.2d at 152 n.1 (noting that, even though a trial court lacked jurisdiction to entertain an Act 84 claim, its order thereon was final and appealable to this Court because it disposed of all claims and of all parties).

[5] We note that, when confined in county prisons, defendants' Act 84 petitions fall within the original jurisdiction of the Commonwealth's courts of common pleas.  **See Danysh**, 833 A.2d at 154.

[6] The Judiciary Code provides:

*(Footnote Continued Next Page)*

Therefore, courts of common pleas lack subject matter jurisdiction over Act 84 petitions, and their orders thereon are void. ***See Danysh***, 833 A.2d at 154.

Instantly, the Act 84 petition requests cessation of Act 84 deductions from Appellant's prison account. Accordingly, the Act 84 petition falls within the original jurisdiction of the Commonwealth Court, and the trial court lacked subject matter jurisdiction over the Act 84 petition.[7] Therefore, the trial court's order is void, and must be vacated. ***See Danysh***, ***supra***.

*(Footnote Continued)* ─────────────

**(a) General rule.**--The Commonwealth Court shall have original jurisdiction of all civil actions or proceedings:

(1) Against the Commonwealth government, including any officer thereof, acting in his official capacity[.]

42 Pa.C.S. § 761.

[7] To the extent Appellant argues his underlying sentence is illegal based on the difference between jailhouse wages and the wages that non-incarcerated persons might earn for similar work, which inequity Appellant perceives as injustice amounting to a violation of Equal Protection, his petition should be considered a PCRA petition. Although petitioners cannot waive illegal sentence claims, petitioners must still raise such claims in a timely PCRA petition. ***See Commonwealth v. Taylor***, 65 A.3d 462, 465 (Pa.Super.2013) ("although illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition."). Appellant filed the termination petition nearly 8 years after his judgment of sentence became final. The termination petition failed to plead any the PCRA time-bar exceptions. Thus, if we consider the termination petition as a PCRA petition, it remains untimely, and we lack jurisdiction to hear the appeal. ***See Commonwealth v. Reed***, 107 A.3d 137, 140 (Pa.Super.2014) (quoting ***Commonwealth v. Jackson***, 30 A.3d 516, 519 (Pa.Super.2011), *appeal denied,* 616 Pa. 634, 47 A.3d 845 (2012)) ("[T]he time limitations pursuant to ... the PCRA are jurisdictional. [Jurisdictional time] limitations are mandatory and interpreted literally; thus, a court has no authority to extend

*(Footnote Continued Next Page)*

Accordingly, we vacate the order of the trial court without prejudice to Appellant's right to seek relief in the Commonwealth Court.

Order vacated.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/15/2015

---

*(Footnote Continued)* ————————

filing periods except as the statute permits. If the petition is determined to be untimely, and no exception has been pled and proven, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition.").