J-S31026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES NELSON, | : | |
| | : | |
| Appellant | : | No. 1450 WDA 2016 |

Appeal from the Order Entered August 10, 2016
In the Court of Common Pleas of Washington County
Criminal Division at No(s): CP-63-CR-0000280-2015

BEFORE: PANELLA, J., DUBOW, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY DUBOW, J.: **FILED AUGUST 31, 2017**

Appellant, James Nelson, appeals *pro se* from the August 10, 2016 Order entered in the Court of Common Pleas of Washington County denying his *pro se* Motion to Stop Deductions and Return Monies from Inmates Account ("Act 84 Motion"[1]). After review, we conclude that the trial court lacked subject matter jurisdiction, and, thus, vacate its order.

A detailed recitation of the facts and procedural history in this case is not necessary to our disposition. In sum, on January 21, 2016, Appellant

---

[1] 42 Pa.C.S. § 9728, commonly referred to as Act 84, authorizes the county correctional facility or the Department of Corrections to deduct monies from inmate prison accounts as payment towards outstanding court costs and restitution. **Commonwealth v. Jackson**, 858 A.2d 627, 628 n. 1 (Pa. Super. 2004) (*en banc*). As Appellant's Motion raises claims pursuant to Act 84, we will refer to it as an Act 84 Motion.

entered a guilty plea to numerous counts of Possession with Intent to Deliver Heroin and related charges, Terroristic Threats, and Simple Assault. The trial court subsequently sentenced him to serve an aggregate term of three to six years' incarceration followed by seven years of probation, plus costs and fines. Appellant did not appeal.

On August 10, 2016, Appellant filed the instant *pro se* Act 84 Motion, which alleged that the Pennsylvania Department of Corrections ("DOC") began deducting 50% of Appellant's earnings from Appellant's private inmate account to settle $769.00 in unpaid fines, costs, and restitution, and requested that the trial court issue an order to cease all deductions immediately. Motion, filed 8/10/16, at 2. On August 11, 2016, the trial court denied Appellant's Act 84 Motion on the merits. Appellant timely appealed.

As an initial matter, we must determine whether the trial court had jurisdiction over the Act 84 Motion before proceeding to the merits of Appellant's claims.[2] We conclude it did not.

The Commonwealth Court has exclusive, original jurisdiction in claims regarding Act 84 deductions. ***Danysh, supra*** at 153-54; ***Jackson, supra*** at 631. This Court considered a similar petition in ***Danysh***, ***supra***, when a

---

[2] ***See Commonwealth v. Danysh***, 833 A.2d 151, 152 (Pa. Super. 2003) (raising, *sua sponte*, the question of subject matter jurisdiction of an Act 84 claim ruled upon by the court of common pleas).

state inmate filed a petition with the court of common pleas to stop the DOC from deducting 20% of his in-prison earnings from his inmate account, which the trial court denied on the merits. *Id.* at 152. On appeal, we held that the trial court lacked subject matter jurisdiction because the claim was, in reality, a civil action against an agency of the Commonwealth, the DOC. *Id.* at 153. Therefore, the Commonwealth Court enjoyed exclusive original jurisdiction for such a claim pursuant to 42 Pa.C.S. § 761(a).[3] *Id.* at 154.

In the instant case, Appellant, who is incarcerated at a state facility,[4] filed an Act 84 Motion to enjoin the DOC from deducting 50% of his earnings from his inmate account, which is effectively a civil action against the DOC.[5] The Act 84 Motion falls within the original jurisdiction of the Commonwealth

---

[3] 42 Pa.C.S. § 761(a) states, *inter alia*, that "the Commonwealth Court shall have original jurisdiction of all civil actions or proceedings . . . [a]gainst the Commonwealth government . . . ."

[4] We note that, when confined in county prisons, defendants' Act 84 Motions fall within the original jurisdiction of the Commonwealth's court of common pleas. **See Danysh**, **supra** at 154.

[5] In his Brief, Appellant asserts that the sentencing judge failed to hold an evidentiary hearing to determine his ability to pay court costs and fines. We recognize that this is a challenge to the legality of Appellant's sentence, a claim that is cognizable under the Post Collateral Conviction Act ("PCRA"). **See Commonwealth v. Boyd**, 73 A.3d 1269, 1270 (Pa. Super. 2013) (*en banc*) (holding a claim that the sentencing court failed to consider defendant's ability to pay before imposing fines implicates legality of sentence); **see also** 42 Pa.C.S. § 9543(a)(2)(vii). However, Appellant did not challenge the legality of his sentence in his original Act 84 Motion, and, thus, we decline to treat his Act 84 Motion as a PCRA Petition.

Court and the trial court lacked subject matter jurisdiction over the Motion. **See *Jackson*, *supra*** at 631. Therefore, the trial court's order is void, and must be vacated.[6]

Accordingly, we vacate the Order of the trial court without prejudice to Appellant's right to seek relief in the Commonwealth Court.

Order vacated.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/31/2017

_____

[6] ***See Danysh, supra*** at 154 (concluding "because Commonwealth Court had exclusive original jurisdiction, the court of common pleas lacked subject matter jurisdiction and its order was void").