J-S45038-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                         :           PENNSYLVANIA
                 Appellee       :
                                         :
           v.                      :
                                       :
ERIC LEVINER                   :
                                       :
             Appellant       :         No. 102 MDA 2018

Appeal from the PCRA Order December 27, 2017
in the Court of Common Pleas of Luzerne County
Criminal Division at No.: CP-40-CR-0000584-2015

BEFORE: OTT, J., MUSMANNO, J., and PLATT*, J.

MEMORANDUM BY PLATT, J.:             **FILED NOVEMBER 20, 2018**

Appellant, Eric Leviner, appeals, *pro se*, from the order dismissing the petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, as untimely. Because the petition is untimely without an applicable exception, we affirm.

The PCRA court set forth the facts and procedural history of this case as follows:

> On March 7, 2016, [Appellant] pled guilty to possession of firearm prohibited pursuant to 18 Pa.C.S.A. [§] 6105(a)(1) and possession of a controlled substance pursuant to 35 P.S. [§] 780-113(a)(16). [Appellant's] request for immediate sentencing was granted. He had a prior record score of five so his standard range on the firearm charge was forty-eight to sixty months and six to sixteen months on the controlled substance charge.
>
> As part of the plea agreement, the Commonwealth and [Appellant] agreed to a sentence of four to eight years. This agreement was honored by the court so that forty-eight to

_____

* Retired Senior Judge assigned to the Superior Court.

ninety-six months was imposed on the firearm charge and three to six months concurrent on the controlled substance charge. There was no appeal.

[Appellant] filed a *pro se* motion for post conviction collateral relief on August 14, 2017. Counsel was appointed to represent [Appellant] on September 1, 2017 and he submitted a "no merit" letter and motion to withdraw three months later. The motion to withdraw was granted.

On December 5, 2017, a notice of intention to dismiss motion for post conviction collateral relief pursuant to Pa.R.Crim.P. 907 was filed and served on [Appellant]. In addition to the fact that [Appellant's] PCRA motion was meritless, the notice of intention also indicated that the motion was not filed within one year of the date his judgment of sentence became final on April 7, 2016 and none of the exceptions provided in 42 Pa.C.S.A. [§] 9545(b) applied.

[Appellant] failed to respond to the notice so his motion for post conviction collateral relief was dismissed by order dated December 27, 2017. A timely notice of appeal was filed by [Appellant] on January 9, 2018. He failed to serve this court with a copy of the notice of appeal as required by Pa.R.A.P. 906(a)(2).

As a result of [Appellant's] appeal, an order was issued on January 22, 2018 which required that a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b) be filed by [Appellant] within twenty-one days. [Appellant] complied with the order by filing his concise statement on February 2, 2018. [Appellant] alleged various errors similar to those raised in his untimely PCRA motion.

(PCRA Court Opinion, 3/18/18, at 1-2).

Appellant raises the following issues for our review:

1. Whether the Lower Court erred in denying Appellant's PCRA as untimely when Appellant timely filed a Petition challenging Act 84 deductions and sentencing issues well within the One Year Statute of Limitations which by law

should have been considered a *Pro-Se* PCRA Petition for which counsel should have been appointed and permitted to amend.

2. Whether the Lower Court erred in finding Appellant's PCRA to be untimely where Appellant's counsel was ineffective and was still active when Appellant attempted to file said PCRA.

3. Whether the Lower Court erred in finding Appellant's PCRA as untimely when Appellant's challenge to his sentence under Act 84 was still pending and Appellant raised issues of an illegal sentence which can never be time barred when the Court has jurisdiction which the court clearly had.

(Appellant's Brief, at 3).[1]

Our standard of review for an order denying PCRA relief is well-settled:

> Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination, and whether the PCRA court's determination is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Brown***, 143 A.3d 418, 420 (Pa. Super. 2016) (citations omitted). However, "if a PCRA [p]etition is untimely, a trial court has no jurisdiction to entertain the petition." ***Commonwealth v. Hutchins***, 760 A.2d 50, 53 (Pa. Super. 2000) (citations omitted).

We begin by addressing the timeliness of Appellant's petition.

---

[1] We note that Appellant cites no legal authority in support of issues one and two. Therefore, even if the PCRA petition were timely, "where an appellate brief fails to provide any discussion of a claim with citation to relevant authority . . . that claim is waived." ***Commonwealth v. Johnson***, 985 A.2d 915, 924 (Pa. 2009).

. . . [A] PCRA petition, including a second or subsequent petition, must be filed within one year of the date that judgment becomes final. A judgment becomes final for purposes of the PCRA at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review.

It is well-settled that the PCRA's time restrictions are jurisdictional in nature. As such, this statutory time-bar implicates the court's very power to adjudicate a controversy and prohibits a court from extending filing periods except as the statute permits. Accordingly, the period for filing a PCRA petition is not subject to the doctrine of equitable tolling; instead, the time for filing a PCRA petition can be extended only by operation of one of the statutorily enumerated exceptions to the PCRA time-bar.

The exceptions to the PCRA time-bar are found in Section 9545(b)(1)(i)–(iii) (relating to governmental interference, newly discovered facts, and newly recognized constitutional rights), and it is the petitioner's burden to allege and prove that one of the timeliness exceptions applies. Whether a petitioner has carried his burden is a threshold inquiry that must be resolved prior to considering the merits of any claim.

***Commonwealth v. Robinson***, 139 A.3d 178, 185–86 (Pa. 2016) (quotation marks and some citations omitted).

In the instant case, Appellant's judgment of sentence became final on April 6, 2016, when his time to file a direct appeal expired. ***See*** Pa.R.A.P. 903(a); 42 Pa.C.S.A. § 9545(b)(3). Because Appellant filed the instant PCRA petition on August 14, 2017, it is untimely on its face, and the PCRA court lacked jurisdiction to review it unless he pleaded and proved one of the statutory exceptions to the time-bar. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

Section 9545 of the PCRA provides three exceptions that allow for review of an untimely PCRA petition:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.*

When a petition is filed outside the one-year time limit, a petitioner must plead and prove the applicability of one of the three exceptions to the PCRA timeliness requirement. *See Commonwealth v. Johnston*, 42 A.3d 1120, 1126 (Pa. Super. 2012). Any petition invoking an exception must "be filed within 60 days of the date the claim could have been presented." *Id.* (citing 42 Pa.C.S.A. § 9545(b)(2)). "If the petition is untimely and the petitioner has not pled and proven an exception, the petition must be dismissed without a hearing because Pennsylvania courts are without jurisdiction to consider the merits of the petition." *Commonwealth v. Hudson*, 156 A.3d 1194, 1197 (Pa. Super. 2017), *appeal denied*, 170 A.3d 1007 (Pa. 2017) (citation omitted).

Appellant avers that the PCRA court erred in finding his petition untimely because his Act 84[2] petition was still pending. (Appellant's Brief at 10). The PCRA court noted that Appellant filed a "Petition to Cease and Desist Deductions Pursuant to Act 84" on July 22, 2016. (PCRA Ct. Op., at 4). The petition was not addressed by the trial court. Instantly, the PCRA court opined that the Act 84 petition was not a PCRA petition, citing 42 Pa.C.S.A. § 9543(a)(2).[3] (**See id.** at 4-5).

---

[2] 42 Pa.C.S.A. § 9728, commonly referred to as Act 84, authorizes the county correctional facility to which the defendant has been sentenced or the Department of Corrections to deduct monies from inmate prison accounts as payment towards outstanding court costs and restitution. **Commonwealth v. Jackson**, 858 A.2d 627, 628 n.1 (Pa. Super. 2004).

[3] Section 9543(a)(2) provides to be eligible for PCRA relief, a petition must plead and prove

> (2) That the conviction or sentence resulted from one or more of the following:
>
> (i) A violation of the Constitution of this Commonwealth or the Constitution or laws of the United States which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> (ii) Ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.
>
> (iii) A plea of guilty unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent.

Generally, petitions seeking the cessation of Act 84 deductions from state prison accounts fall within the original jurisdiction of the Commonwealth Court.[4]  **Jackson**, 858 A.2d at 629-30;[5] **see also** 42 Pa.C.S.A. § 761.[6]  A

---

(iv) The improper obstruction by government officials of the petitioner's right of appeal where a meritorious appealable issue existed and was properly preserved in the trial court.

(v) Deleted.

(vi) The unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced.

(vii) The imposition of a sentence greater than the lawful maximum.

(viii) A proceeding in a tribunal without jurisdiction.

42 Pa.C.S.A. § 9543(a)(2)(i)-(viii).

[4] **See** 42 Pa.C.S.A. § 9730(b).  Subsection 9730(b)(1) allows the court to "conduct a hearing to determine whether the defendant is financially able to pay."  **Id.**  However, the Commonwealth Court has instructed that "Section 9730 . . . applies only when the defendant's sentence prescribes financial obligations **without confinement**, which is not the case here."  **Dep't of Corr. v. Tate**, 133 A.3d 350, 356 (Pa. Cmwlth. 2016) (emphasis added). Thus, section 9730(b) is not applicable in the instant case.

[5] This Court in **Jackson** affirmed the trial court's conclusion that it lacked jurisdiction over the defendant's Act 84 motion without prejudice to seek relief in the Commonwealth Court.  **Id.** at 630.

[6] The Judiciary Code provides:

(a) General rule- The Commonwealth shall have original jurisdiction of all civil actions or proceedings:

motion seeking to enjoin Act 84 deductions is a civil action against the Department of Corrections for which the Commonwealth Court had jurisdiction. ***See Commonwealth v. Danysh***, 833 A.2d 151, 153-54 (Pa. Super. 2003).[7]

Furthermore, Appellant claims that his sentence is illegal because "his prior record score has been miscalculated" with regard to his prior out-of-state convictions. (Appellant's Brief at 10). His claim that his sentence is illegal does not allow him to circumvent the PCRA's timeliness requirements. However, "[a]lthough legality of sentence is always subject to review within the PCRA, claims must still first satisfy the PCRA's time limits or one of the exceptions thereto." ***Commonwealth v. Fahy***, 737 A.2d 214, 223 (Pa. 1999) (citation omitted).

> It is well settled that, "in order for this Court to review a legality of sentence claim, there must be a basis for our jurisdiction to engage in such review. . . . [T]hough not technically waivable, a legality [of sentence] claim may nevertheless be lost should it be raised . . . in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim."

---

> (1) Against the Commonwealth government, including any officer thereof, acting in his official capacity[.]

42 Pa.C.S.A. § 761(a)(1).

[7] This Court in ***Danysh*** observed that a defendant could seek relief in common pleas court where the defendant was in a county prison. ***See id.*** at 154.

- 8 -

***Commonwealth v. Miller***, 102 A.3d 988, 995 (Pa. Super. 2014) (citations and internal quotation marks omitted). Here, Appellant has not established the applicability of any exception to the PCRA's time-bar. (***See*** Appellant's Brief, at 6-12).

Because Appellant failed to meet his burden to plead and prove that one of the timeliness exceptions applies, we conclude that his petition is untimely and the PCRA court properly found that it lacked jurisdiction to consider the merits of his claims. ***See Johnston***, ***supra*** at 1126. Accordingly, we affirm the order of the PCRA court.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/20/2018