J-S74007-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES DANIEL SPORISH | : | |
| | : | |
| Appellant | : | No. 2326 EDA 2018 |

Appeal from the Order Entered July 3, 2018
In the Court of Common Pleas of Delaware County Criminal Division at
No(s):  CP-23-CR-0003043-2006

BEFORE:  LAZARUS, J., STABILE, J., and McLAUGHLIN, J.

MEMORANDUM BY LAZARUS, J.:                 **FILED JANUARY 11, 2019**

James Daniel Sporish appeals, *pro se*, from the order of the Court of
Common Pleas of Delaware County denying his "Motion to Strike the Court
Clerk's Cost Assessment."  After our review, we conclude the court of common
pleas lacked subject matter jurisdiction and, therefore, we vacate its order.[1]

On October 26, 2006, a jury found appellant guilty of rape, aggravated
assault, sexual assault, terroristic threats, simple assault, and indecent

_____

[1] Although the court of common pleas lacked subject matter jurisdiction, this
Court has appellate jurisdiction because the appeal is from a final order. **See**
Pa.R.A.P. 341(a), (b)(1). "This situation is analogous to where the common
pleas court has properly sustained preliminary objections to subject matter
jurisdiction. An appeal to this Court is proper even though the lower court
lacked subject matter jurisdiction, since otherwise, we could never (at least
theoretically) review such an order." **Commonwealth v. Danysh**, 833 A.2d
151, 152 n.1 (Pa. Super. 2003).  **See also Aronson v. Sprint Spectrum,
L.P.**, 767 A.2d 564 (Pa. Super. 2001).

assault in connection with a savage attack on his paramour. On February 20, 2007, the court sentenced Sporish to 210 to 540 months' imprisonment (17½ to 45 years).[2] The sentencing judge also imposed upon Sporish the costs of prosecution. *See* Certificate of Imposition of Judgment of Sentence, 2/20/07.

On February 15, 2018, the Department of Corrections (DOC) informed Sporish that, pursuant to 42 Pa.C.S.A. § 9728(b)(5), it would begin making deductions from his inmate account to satisfy his obligations. This statute, commonly referred to as Act 84, governs the collection of fines and costs, and it authorizes the DOC to make monetary deductions from an inmate's account to pay court-ordered fines and costs. *Id.*

On June 17, 2018, Sporish filed a motion/complaint in mandamus seeking to end the Act 84 deductions. The Honorable John P. Capozzi, Sr., denied Sporish's motion. This appeal followed.

In **Commonwealth v. Danysh**, 833 A.2d 151 (Pa. Super. 2003), this Court, addressing Danysh's appeal from the trial court's order denying his motion to stop Act 84 deductions, stated:

> The Commonwealth Court possesses both original and appellate jurisdiction. Its original jurisdiction is invoked in various classes of cases; relevant here is its original jurisdiction over civil suits against statewide governmental actors.[] *See* 42 Pa.C.S.A. § 761(a); *see*, *e.g.*, **Harvey v. Department of Corrections**, 823 A.2d 1106 (Pa. Cmwlth. 2003) (exerting original jurisdiction over petition for review seeking injunction against DOC to stop Act 84

---

[2] On August 7, 2008, this Court affirmed Sporish's judgment of sentence, and on July 22, 2009, the Pennsylvania Supreme Court denied allowance of appeal. **See Commonwealth v. Sporish**, 961 A.2d 1283 (Pa. Super. 2008) (unpublished memorandum), *appeal denied*, 981 A.2d 219 (Pa. 2009).

deductions). Danysh's civil action is against the Commonwealth government, as DOC falls within the jurisdictional statute's definition of that term. DOC is an administrative agency within the Executive Branch, *see* 71 P.S. § 61 (creating DOC among other executive departments), and possesses authority to operate the State Correctional Institutions throughout the state. *See* 71 P.S. §§ 310-0, 310-1. As operator of the State Correctional Institutions, it has a wide range of responsibilities relating to the care and treatment of inmates and management of the state prisons. *See, e.g.*, 42 Pa.C.S.A. § 9718.1 (relating to developing treatment for sexual offenders), 42 Pa.C.S.A. § 9721 (giving DOC ultimate decision whether offender will be accepted to boot camp); 61 P.S. § 390.301 (authorizing DOC to lease or purchase three 1,000-cell prisons, two of which may be "anywhere in this Commonwealth"). Since DOC effectuates policy decisions throughout Pennsylvania, Danysh's claim against DOC "is an action against the Commonwealth government for the purposes of determining [Commonwealth Court's] original jurisdiction." [*State Board of Dentistry v.*] *Weltman*, 649 A.2d 478, 479 (Pa. Cmwlth. 1994) (holding court of common pleas lacked subject matter jurisdiction to grant injunction against agency with statewide authority).

*Danysh*, 833 A.2d at 153 (footnote omitted).

In relevant part, section 761(a) of the Judicial Code provides:

**(a) General rule**.--The Commonwealth Court shall have original jurisdiction *of all civil actions* or proceedings:

(1) Against the Commonwealth government, including any officer thereof, acting in his official capacity[.]

42 Pa.C.S.A. § 761(a). Reasoning that Danysh had instituted a civil action within the meaning of section 761(a), this Court determined that Danysh should have brought his petition as a petition for review of a governmental determination under Commonwealth Court's original jurisdiction. *Danysh*, 833 A.2d at 153. *See* Pa.R.A.P. 1501-1561. We concluded that Commonwealth Court had exclusive original jurisdiction and, therefore, the

court of common pleas lacked subject matter jurisdiction and its order was void.[3] **Id.** at 154.[4]

In **Commonwealth v. Jackson**, 858 A.2d 627 (Pa. Super. 2004), this Court, sitting *en banc*, reaffirmed **Danysh**. There, Jackson appealed from the court of common pleas' order that concluded it lacked jurisdiction to address the merits of his petition to stop Act 84 deductions. Applying the **Danysh** reasoning, the **Jackson** Court affirmed, stating, "[t]here is no evidence, however, that these deductions are being made pursuant to a request by the District Attorney of York County or pursuant to an enforcement order of the trial court. Thus, the Commonwealth Court, not the trial court, had original jurisdiction over [Jackson's] petition." 858 A.2d at 630, citing **Danysh**, 833 A.2d at 154. **See also Commonwealth v. Parella**, 834 A.2d 1253, 1255–

---

[3] In **Danysh**, we observed that in a limited class of cases, a defendant would properly seek the relief at issue in the common pleas court. We stated:

> This situation would occur where the defendant was in a county prison. Because the county authorities would not have statewide jurisdiction, the matter would fall outside Commonwealth Court's jurisdiction. That would leave it squarely within the courts of common pleas' original jurisdiction. Whether by inadvertence or design, the statutes clearly spell out a different procedure where the defendant is incarcerated in a county facility. The General Assembly, as one of the democratic branches of government, has established the courts' respective jurisdictions and we cannot modify its scheme, once properly established.

833 A.2d at 154. Here, like in **Danysh**, Sporish is incarcerated in a state correctional institution.

[4] Subsequent to this Court's decision, Danysh did file a petition for review in the Commonwealth Court. **See Danysh v. Dept. of Corrections**, 845 A.2d 260 (Pa. Cmwlth. 2004).

56 (Pa. Cmwlth. 2003) (vacating trial court's order denying motion of inmate, serving ten to twenty year term of incarceration in state correctional institution, to stop Act 84 deductions because Commonwealth Court has original jurisdiction; however, "where the method by which an inmate seeks to end Act 84 deductions involves the validity or modification of the underlying sentence, original jurisdiction lies with the common pleas court" regardless of inmate's place of confinement).

Similarly, here, Sporish has instituted a civil action within the meaning of section 761(a). Sporish should have filed his petition for review of this governmental determination by the DOC with the Commonwealth Court, naming not only the Commonwealth but also an agency of the Commonwealth (the DOC) or an officer thereof, as respondent.

Because exclusive jurisdiction lies with Commonwealth Court, the court of common pleas had no jurisdiction to review the merits of Sporish's petition. We, therefore, vacate the court's order without prejudice to seek relief in Commonwealth Court. *Jackson*, *supra*; *Danysh*, *supra*.

Order vacated.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 1/11/19