J-S23019-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| LISA ANN SCHMIDT | : | |
| | : | |
| Appellant | : | No. 3257 EDA 2024 |

Appeal from the Order Entered December 22, 2023
In the Court of Common Pleas of Pike County Criminal Division at No(s):
CP-52-CR-0000392-2018

BEFORE:  STABILE, J., MURRAY, J., and SULLIVAN, J.

MEMORANDUM BY MURRAY, J.:　　　　　　　　　**FILED JULY 14, 2025**

Lisa Ann Schmidt (Appellant) appeals, *pro se*, from the order denying her *pro se* "Motion for Reduction or Suspension of Act 84"[1] payments (Act 84

_____

[1] Section 9728(b) of the Sentencing Code, commonly known as Act 84, provides, in relevant part, as follows:

> (3) The county clerk of courts shall, upon sentencing, … transmit to … the [Pennsylvania] Department of Corrections [(DOC)] … copies of all orders for restitution …, reparation, fees, costs, fines and penalties.  This paragraph also applies in the case of costs imposed under section 9721(c.1) (relating to sentencing generally).
>
> ….
>
> (5) Deductions shall be as follows:
>
>> (i) The [DOC] shall make monetary deductions of at least 25% of deposits made to inmate wages and personal

*(Footnote Continued Next Page)*

Motion), which requested a reduction or suspension of her court-ordered payments incurred from court costs, fines, and fees. We quash the appeal as untimely filed.

On November 18, 2020, a jury found Appellant guilty of drug delivery resulting in death,[2] criminal conspiracy,[3] and related offenses. On January 8, 2021, the trial court sentenced Appellant to serve an aggregate 13 to 40 years in prison. The trial court also directed Appellant to pay court costs, fines and fees, as well as restitution of $10,000 toward the Crime Victims Compensation Fund. Subsequently, pursuant to Section 9728(b)(5), the DOC commenced monetary deductions from Appellant's inmate account to fulfill her financial obligations. *See* 42 Pa.C.S.A. § 9728(b)(5)(i).

Appellant filed post-sentence motions, which the trial court denied. Appellant then filed a direct appeal, and this Court affirmed the judgment of sentence. *See generally Commonwealth v. Schmidt*, 285 A.3d 954 (Pa. Super. 2022) (unpublished memorandum). Subsequently, our Supreme Court

---

accounts for the purpose of collecting restitution, costs imposed under section 9721(c.1) … and any other court-ordered obligation.

42 Pa.C.S.A. § 9728(b)(3), (5)(i).

[2] 18 Pa.C.S.A. § 2506(a).

[3] 18 Pa.C.S.A. § 903(a)(1).

denied Appellant's petition for allowance of appeal. ***Commonwealth v. Schmidt***, 292 A.3d 552 (Pa. 2023).

In the common pleas court, on June 14, 2023, Appellant filed her *pro se* Act 84 Motion, seeking suspension or reduction of Act 84 monetary deductions from her inmate account. According to Appellant, the deductions caused her undue hardship and prevented her from purchasing medical and hygienic necessities. ***See generally*** Act 84 Motion, 6/14/23.[4]

By order entered December 22, 2023, the trial court denied Appellant's Act 84 Motion, reasoning as follows:

> The [Act 84] Motion failed to provide valid proof of service of the Motion by including a Certificate of Service, as required by Pa.R.Crim.P. 576([b]), and a Verification of the [F]acts Averred, as required by Pa.R.Crim.P. 575(A)(2)(a). Additionally, we note that the [DOC] shall make deductions of at least 25% of deposits made to inmate wages and personal accounts to collect restitution, costs, fees, and other court[-]ordered obligations[,] in accord with 42 Pa.C.S.A. § 9728(b)(5)(i). If [Appellant] wishes to challenge the amounts being deducted from her accounts, she is advised to address the issue though the appropriate channels provided by the [DOC].

---

[4] Separately, on September 28, 2023, Appellant, *pro se*, filed a first petition for relief pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546, raising numerous claims. Following the appointment of PCRA counsel for Appellant, the PCRA court denied Appellant's petition on September 13, 2024. Appellant filed a separate, *pro se* appeal from the September 13, 2024, order, docketed at 3259 EDA 2024. The *pro se* appellate briefs Appellant filed in the instant appeal and in 3259 EDA 2024 are identical. None of Appellant's briefed issues implicate her Act 84 Motion.

Order, 12/22/23 (citations and punctuation modified).[5]

On January 29, 2024, Appellant untimely filed a *pro se* notice of appeal from the order denying her Act 84 Motion. Appellant and the trial court have complied with Pa.R.A.P. 1925.[6]

As a preliminary matter, we address the timeliness of the appeal. Pursuant to Pennsylvania Rule of Appellate Procedure 903(a), a notice of appeal "shall be filed within **30 days** after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a) (emphasis added). "[O]ne's failure to appeal timely from an order generally divests the appellate court of its jurisdiction to hear the appeal." ***Commonwealth v. Powell***, 290 A.3d 751, 755 n.8 (Pa. Super. 2023) (citation and quotation marks omitted). As this Court has emphasized, "[t]ime limitations for taking appeals are strictly construed and cannot be extended as a matter of grace. … Absent extraordinary circumstances, this Court has no jurisdiction to entertain an untimely appeal." ***Commonwealth v. Burks***, 102 A.3d 497, 500 (Pa. Super. 2014) (internal citations omitted).

We acknowledge that Appellant was incarcerated when she filed her *pro se* notice of appeal. Pursuant to the "prisoner mailbox rule," a prisoner's *pro*

_____

[5] There is no indication in the record that the trial court transferred Appellant's Act 84 Motion to the Pennsylvania Commonwealth Court.

[6] The Commonwealth filed correspondence with this Court stating it would not file an appellate brief, and that it agreed with the "trial court disposition and supporting opinion in this matter." Correspondence, 5/28/25.

*se* filing "is deemed filed on the date [s]he delivers it to prison authorities for mailing." ***Commonwealth v. Kennedy***, 266 A.3d 1128, 1132 n.8 (Pa. Super. 2021) (citation omitted)); ***see also*** Pa.R.A.P. 121(f) (same).

Instantly, the trial court denied Appellant's Act 84 Motion on December 22, 2023. Under Rule 903(a), Appellant had until January 22, 2024,[7] to file her notice of appeal. Although we are unable to ascertain precisely when Appellant delivered her "notice of appeal to prison authorities for mailing," **she dated her notice of appeal January 23, 2024 (one day after the filing deadline)**, leading us to conclude that the appeal was untimely. Moreover, there are no extraordinary circumstances that would permit us to entertain this untimely appeal. ***Burks***, 102 A.3d at 500. Accordingly, we lack jurisdiction and quash the appeal. ***Powell***, 290 A.3d at 755 n.8.

Nevertheless, we observe that if Appellant had timely filed an appeal, we would deem the December 22, 2023, order denying Appellant's Act 84 Motion void. It is well-settled that an "inmate's motion to stop Act 84 deductions generally lies within the original jurisdiction of the Commonwealth Court." ***Commonwealth v. Jackson***, 858 A.2d 627, 630 n.6 (Pa. Super. 2004) (*en banc*) (citation omitted). In ***Commonwealth v. Danysh***, 833 A.2d 151 (Pa. Super. 2003), we raised, *sua sponte*, the question of subject matter

---

[7] The thirtieth day after December 22, 2023, fell on Sunday, January 21, 2024. Pursuant to 1 Pa.C.S.A. § 1908, weekends and legal holidays are excluded from the computation of time when the last day of the appeal period falls on a weekend or legal holiday.

jurisdiction of an Act 84 claim ruled upon by the court of common pleas. *Id.* at 152; *see also Chongqing Kangning Bioengineering Co. v. Conrex Pharm. Corp.*, 327 A.3d 209, 215 (Pa. Super. 2024) (defining subject matter jurisdiction as "the power of the court to hear the cases of the class to which the case before the court belongs, that is, to enter into inquiry, whether or not the court may ultimately grant the relief requested." (citation omitted)). The *Danysh* Court held that an inmate's motion seeking to enjoin Act 84 deductions is a civil action instituted against the DOC, which is part of the Commonwealth government, and falls within the exclusive original jurisdiction of the Commonwealth Court. *Danysh*, 833 A.2d at 153; *see also Jackson*, 858 A.2d at 629-30 (applying *Danysh*); 42 Pa.C.S.A. § 761(a)(1) (providing that "[t]he Commonwealth Court shall have original jurisdiction of all civil actions and proceedings … [a]gainst the Commonwealth government….").

Based upon the foregoing, we would have concluded the trial court lacked subject matter jurisdiction over Appellant's Act 84 Motion and therefore, its order is void. Instead, Appellant should have sought relief in the Commonwealth Court, which has exclusive jurisdiction over any Act 84 claim.[8] *Jackson*, 858 A.2d at 630 n.6; *Danysh*, 833 A.2d at 154.

Finally, we note that Appellant filed in this Court, on July 3, 2025, a *pro se*, handwritten "Application for Stay" (Application). Though the Application

_____

[8] We note that Appellant is not precluded from seeking relief in the appropriate forum.

is difficult to comprehend, Appellant essentially requests that we stay our decision in this appeal. Appellant requests a stay pending a decision by the Pennsylvania Supreme Court, which purportedly granted allowance of appeal in an uncited and unrelated case. Application, 7/3/25 at 1 (unpaginated). In light of our holding in the instant appeal, we deny the Application.

Appeal quashed. Application for Stay denied.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/14/2025