J-S28040-25

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :    IN THE SUPERIOR COURT OF
                 :            PENNSYLVANIA
                 :
       v.               :
                 :
                 :
NICOLI ANTONIO SANTANA         :
                 :
       Appellant      :    No. 1520 MDA 2024

Appeal from the Order Entered August 22, 2024
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0004819-2017

BEFORE:  BOWES, J., OLSON, J., and KING, J.

JUDGMENT ORDER BY KING, J.:          **FILED SEPTEMBER 08, 2025**

Appellant, Nicoli Antonio Santana, appeals *pro se* from the order entered in the Berks County Court of Common Pleas, denying his petition seeking to cease deductions from his prison inmate account.  We affirm.

The relevant facts and procedural history of this case are as follows.  On January 30, 2019, a jury convicted Appellant of first-degree murder, aggravated assault, recklessly endangering another person, and possessing instruments of crime.  The court imposed a term of life imprisonment for the murder conviction along with other consecutive sentences for some of Appellant's other crimes.  On January 21, 2020, this Court affirmed the judgment of sentence, and our Supreme Court denied allowance of appeal on August 12, 2020.  **See Commonwealth v. Santana**, No. 341 MDA 2019 (Pa.Super. filed Jan. 21, 2020) (unpublished memorandum), *appeal denied*, 661 Pa. 595, 237 A.3d 968 (2020).

Between 2021 and 2024, Appellant filed multiple petitions for collateral relief. On July 8, 2024, Appellant filed the current prayer for relief *pro se* titled "Petition to Cease the 25% Unconstitutional Deduction of Monies." The court denied this petition, for lack of jurisdiction, by order dated August 22, 2024, and entered on the docket on August 26, 2024. Appellant filed a *pro se* notice of appeal which was docketed on October 9, 2024. On October 25, 2024, the court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b). Appellant did not comply with the court's order.

Preliminarily, we must address the timeliness of Appellant's notice of appeal. The Rules of Appellate Procedure require that a notice of appeal "shall be filed within 30 days after the entry of the order from which the appeal is taken." Pa.R.A.P. 903(a). In general, appellate courts do not have the authority to enlarge the time for filing a notice of appeal. Pa.R.A.P. 105(b).

Here, the court's order denying relief was docketed on August 26, 2024. Appellant's notice of appeal was not entered on the docket until October 9, 2024, which is facially untimely.[1] **See** Pa.R.A.P. 903(a). Appellant states in the *pro se* notice of appeal that he delivered it to prison authorities for mailing[2] on August 20, 2024—but that would pre-date the court's order. Further, the

---

[1] On January 29, 2025, this Court issued a rule to show cause why the appeal should not be quashed as untimely. Appellant did not respond. On April 11, 2025, this Court discharged the rule and referred the issue to the merits panel.

[2] Under the "prisoner mailbox rule," we deem the filing date as the date an incarcerated inmate delivers a *pro se* filing to prison authorities for mailing. **See Commonwealth v. Chambers**, 35 A.3d 34 (Pa.Super. 2011), *appeal denied*, 616 Pa. 625, 46 A.3d 715 (2012).

notice of appeal is timestamped as "Received in Supreme Court" on September 30, 2024, which indicates that Appellant erroneously filed the notice of appeal in the wrong court, but which still is facially untimely as beyond 30 days from the filing date of the court's order.

Notwithstanding these uncertainties, we observe that the docket does not indicate when Appellant was served with the order on appeal. *See* Pa.R.Crim.P. 114(C)(2)(c) (stating docket entries shall contain date of service of order); Pa.R.A.P. 108(a)(1) (stating day of entry of order shall be day clerk of court mails or delivers copies of order to parties). Although the docket indicates Appellant's prior counsel was served with the order, it does not appear that Appellant was represented by counsel at the relevant time. Thus, we decline to quash Appellant's appeal as untimely. *See Commonwealth v. Midgley*, 289 A.3d 1111 (Pa.Super. 2023) (stating where trial court docket in criminal case does not indicate service on party or date of service, we will not quash appeal or require further proceedings; rather, we will treat time in which to take appeal as never having started to run and treat appeal as timely).

As a second preliminary matter, however, we note that the Commonwealth Court has original jurisdiction in matters concerning deductions from a prisoner's inmate account. *See Commonwealth v. Jackson*, 858 A.2d 627 (Pa.Super. 2004) (*en banc*) (explaining that 42 Pa.C.S.A. § 761(a) grants Commonwealth Court original jurisdiction over civil suits against statewide government actors; a petition seeking to stop inmate account deductions sounds in civil action against Commonwealth government,

which includes Department of Corrections; where appellant is serving term of imprisonment in state correctional institution (as opposed to county sentence), Commonwealth Court has original jurisdiction over petition to cease deductions; appellant should have filed petition for review with Commonwealth Court, naming Commonwealth and agency of Commonwealth or officer thereof as respondent). Thus, we affirm the order of the trial court, without prejudice for Appellant to seek relief from the Commonwealth Court.[3] *See id.* Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 09/08/2025

---

[3] We note that Appellant's brief purports to raise issues concerning the ineffectiveness of counsel and other claims that are not relevant to the order on appeal. To the extent Appellant attempts to appeal from another decision rendered in this case, he must file a timely appeal from the appropriate order.