J. S31031/20

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| CHRISTIAN LEE FORD, | : | No. 293 MDA 2020 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered January 9, 2020,
in the Court of Common Pleas of Lancaster County
Criminal Division at No. CP-36-CR-0001496-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| CHRISTIAN LEE FORD, | : | No. 294 MDA 2020 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered January 9, 2020,
in the Court of Common Pleas of Lancaster County
Criminal Division at No. CP-36-CR-0001443-2016

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| CHRISTIAN LEE FORD, | : | No. 295 MDA 2020 |
| | : | |
| Appellant | : | |

Appeal from the Judgment of Sentence Entered January 9, 2020,
in the Court of Common Pleas of Lancaster County
Criminal Division at No. CP-36-CR-0002530-2016

BEFORE:  BOWES, J., DUBOW, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED SEPTEMBER 29, 2020**

In these consolidated appeals, Christian Lee Ford appeals from the judgments of sentence entered on January 9, 2020,[1] following his negotiated guilty plea to three counts of driving under the influence ("DUI") and one count of driving while operating privilege is suspended or revoked at No. CP-36-CR-0001496-2016 ("No. 1496-2016");[2] one count each of possession with intent to deliver ("PWID"), possession of drug paraphernalia, and resisting arrest at No. CP-36-CR-0001443-2016 ("No. 1443-2016");[3] and one count each of possession of a controlled substance (heroin) and possession of drug paraphernalia at No. CP-36-CR-0002530-2016 ("No. 2530-2016").[4] Contemporaneously with this appeal, counsel has requested leave to withdraw in accordance with ***Anders v. California***, 386 U.S. 738 (1967), ***Commonwealth v. McClendon***, 434 A.2d 1185 (Pa. 1981), and their

---

[1] The trial court amended the judgments of sentence on February 4, 2020 to correctly reflect Recidivism Risk Reduction Incentive ("RRRI") sentences at Nos. 1443-2016 and 1496-2016.

[2] 75 Pa.C.S.A. §§ 3802(d)(1)(ii), (iii), (d)(2), and 1543(b)(1), respectively.

[3] 35 P.S. §§ 780-113(a)(30), (a)(32), and 18 Pa.C.S.A. § 5104, respectively.

[4] 35 P.S. §§ 780-113(a)(16) and (a)(32), respectively.

progeny. After careful review, we grant counsel's petition to withdraw and

affirm the judgments of sentence.[5]

The trial court summarized the protracted factual and procedural history

of this case as follows:

> On July 14, 2015, [appellant] was involved in a one-car accident in East Lampeter Township. [Appellant] was transported by ambulance to the hospital for evaluation and treatment of injuries. At the hospital, [appellant] was advised he was under arrest for [DUI] and further advised of implied consent. [Appellant] submitted to a blood test[,] which confirmed the presence of cocaine, amphetamines, and heroin in his system. As a result, [appellant] was charged at No. 1496-2016 with three counts of [DUI], and one count of driving with a suspended license. When [appellant] failed to appear for his preliminary hearing on these charges on September 2, 2015, a bench warrant was issued for his arrest.
>
> [Appellant] was eventually apprehended by the police on the outstanding bench warrant on March 18, 2016. After being told he was under arrest, [appellant] fled on foot. When the officer eventually caught [appellant], he continued to resist, and substantial force was required to effectuate the arrest. A search incident to arrest revealed 159 bags of heroin, and a digital scale and syringes in his possession. As a result, [appellant] was charged at No. 1443-2016 with [PWID] heroin, resisting arrest and possession of drug paraphernalia. Bail was posted on March 28, 2016, and [appellant] was released from custody.
>
> On April 21, 2016, the bail bondsman, who was attempting to revoke [appellant's] bail and return him to Lancaster County Prison, called for police assistance when he discovered that [appellant] was in

---

[5] The Commonwealth has indicated that it will not be filing a brief in this matter.

- 3 -

possession of a needle and heroin packets. The police arrested [appellant] and charged him at No. 2530-2016 with possession of a controlled substance and drug paraphernalia.

On June 23, 2016, [appellant] tendered three separate negotiated plea agreements on each of the above-referenced informations. [The trial court] accepted the pleas and immediately sentenced [appellant] in accordance with the negotiated agreements. At No. 1443-2016, [appellant] received a sentence of two to four years' incarceration on the PWID charge and probationary terms of two years and one year for the resisting arrest and possession of drug paraphernalia charges. [Appellant] was eligible for a RRRI sentence of 18 months. The negotiated plea included a $100 fine, a $250 fee and forfeiture of $325.25.

At No. 1496-2016, [appellant] received a sentence of one to four years' incarceration on Count 1, DUI: controlled substance (cocaine and amphetamines), and a concurrent sentence of 90 days' incarceration for the offense of driving while suspended. The other two DUI counts merged with Count 1 for sentencing purposes. [Appellant] was eligible for [an] RRRI sentence of nine months. [Appellant] also received fines of $1,500 for his second DUI offense and $1,000 for the driving [while operating privilege is suspended or revoked] charge, and was ordered to pay restitution in the amount of $107.

At No. 2530-2016, [appellant] received probationary terms of three years for drug possession and one year for drug paraphernalia possession. [Appellant] also agreed to a $100 fine. The negotiated agreement provided that [appellant] would serve all periods of incarceration and probation concurrently and would be responsible for the costs of prosecution.

[Appellant] filed neither post[-]sentence motions nor a direct appeal from the above judgments of sentence, and they became final on July 23, 2016. [Appellant] was represented at the guilty plea and

sentencing hearing on June 23, 2016, by the Lancaster County Public Defender's Office.

On September 20, 2016, [appellant], acting ***pro se***, filed a timely "petition for review" which [the trial court] treated as a petition for post[-]conviction collateral relief, [pursuant to 42 Pa.C.S.A. §§ 9541-9546,] challenging the legality of his sentence. Pursuant to Rule 904(A) of the Pennsylvania Rules of Criminal Procedure, counsel was appointed to represent [appellant], who filed an amended petition on December 27, 2016. In this amended petition, [appellant] claimed he received an unlawful sentence based upon the imposition of a fine without a hearing on his ability to pay. Alternatively, [appellant] argued that plea counsel was ineffective for failing to pursue a sentence modification or direct appeal from the unlawful sentence. On January 26, 2017, this court issued a notice pursuant to [Pa.R.Crim.P.] 907(1) stating its intention to dismiss [appellant's] petition without a hearing. By opinion and order dated March 10, 2017, [appellant's] amended PCRA petition was denied.

[Appellant] filed a direct appeal to the Superior Court of Pennsylvania. On November 30, 2017, in an unpublished memorandum opinion, a three-judge panel of the Superior Court vacated this court's order dismissing [appellant's] PCRA petition, vacated the non-mandatory DUI fines imposed at Nos. 2530-2016 and 1443-2016, and remanded for resentencing. The Superior Court further vacated the fine for the DUI driving with a suspended license charge at No. 1496-2016 and remanded for resentencing consistent with 75 Pa.C.S.A. § 1543(b)(1). ***See Commonwealth v. Ford***, 181 A.3d 458 [] (Pa.Super. 2017) [(unpublished memorandum)]. Specifically, the Superior Court found that under 42 Pa.C.S.A. § 9726(c) the trial court was required to convene a hearing to determine [appellant's] ability to pay a non-mandatory fine, regardless of his agreement to the fine as part of his guilty plea agreement. The Superior Court determined that the obligation of the

- 5 -

trial court to conduct this analysis was non-waivable by [appellant].

The Commonwealth's petition for reargument was denied by the Superior Court on February 9, 2018. The Commonwealth then filed a petition for allowance of appeal with the Supreme Court of Pennsylvania, which was granted on August 22, 2018, to consider whether the Sentencing Code requires a separate inquiry into a defendant's ability to pay a fine that he or she agreed to pay as part of a negotiated guilty plea. *See Commonwealth v. Ford*, 191 A.3d 1290 [(Pa. 2018)]. In a published opinion on September 26, 2019, the Supreme Court held that the Sentencing Code's requirement that the trial court not sentence a defendant to pay a non-mandatory fine unless there is record evidence that the defendant has the ability to pay the fine was not satisfied in this case when [appellant] agreed to pay a given fine as part of a negotiated guilty plea agreement. *Commonwealth v. Ford*, [] 217 A.3d 824, 830 ([Pa.] 2019). Thus, the Supreme Court determined that [appellant] received an illegal sentence. *See* 42 Pa.C.S.A. § 9726(c). The Order of March 10, 2017, denying [appellant's] amended PCRA petition was affirmed in part and vacated in part by the Supreme Court, and the case was remanded to the trial court in September 2019.

[Appellant's instant] counsel, Daniel C. Bardo, Esquire [("Attorney Bardo")], was court appointed on October 4, 2019, to represent [appellant] in pre-trial, trial and post-trial proceedings. Th[e trial] court received correspondence from [appellant] dated November 14, 2019, in which he claimed his counsel had abandoned him. Attorney Bardo further informed the court that [appellant] had stated repeatedly that he did not want counsel to represent him and that he would proceed *pro se*. Accordingly, Attorney Bardo filed a petition to withdraw, and a [hearing pursuant to *Commonwealth v. Grazier*, 713 A.2d 81 (Pa. 1998),] was scheduled for January 9, 2020.

At the ***Grazier*** hearing, Ford indicated to the [trial] court that this entire appeal had been the result of his inability to purchase shampoo and other necessary items because of the Act 84 deduction of monies the Department of Corrections makes from [appellant's] prison inmate account to pay his fines, costs and restitution. [***See*** 42 Pa.C.S.A. § 9728(b)(5)(i).] [Appellant] informed the [trial] court that he did not wish to proceed ***pro se*** and that he did not wish to exercise his right to go to trial on the charges. Accordingly, [Attorney Bardo's] petition to withdraw was denied.

At the conclusion of the ***Grazier*** hearing on January 9, 2020, [appellant] tendered a negotiated guilty plea to the charges at all three dockets. Pursuant to the agreement, [appellant] received an aggregate sentence of three years' probation at [] No. 2530-2016. At [] No. 1496-2016, an aggregate sentence of one to four years' incarceration was imposed, plus a mandatory $1,500 fine, and restitution in the amount of $107. For the possession with intent to deliver heroin charge at [] No. 1443-2016, th[e trial c]ourt imposed a term of two to four years' incarceration. Concurrent sentences of one and two years' probation were imposed on the drug paraphernalia and resisting arrest charges, respectively. The negotiated agreement provided that [appellant] would serve all periods of incarceration and probation concurrently and would be responsible for the costs of prosecution.

On January 22, 2020, [appellant] filed a post sentence motion ***nunc pro tunc*** or motion to correct illegal sentence at each of the three dockets, noting that the parties' understanding and agreement when [appellant] entered his negotiated guilty plea on January 9, 2020, was that he would receive the same sentence as he had previously agreed to, with a reduction in the fines. The original sentences, imposed June 23, 2016, included RRRI minimum sentences; the sentences imposed on January 9, 2020, did not. With the agreement of the Commonwealth, [appellant's] motion was granted on

> February 4, 2020, and the Clerk of Court was directed to amend the sentencing orders and DC-300B court commitment forms to reflect [an] RRRI sentence of 18 months at [] No. 1443-2016, and [an] RRRI sentence of 9 months at [] No. 1496-2016.

Trial court opinion, 2/7/20 at 1-8 (case citation formatting amended; emphasis added; footnotes, internal quotation marks, some citations, and extraneous capitalization omitted).

On February 5, 2020, Attorney Bardo filed separate, timely notices of appeal on appellant's behalf at each docket number. That same day, Attorney Bardo filed a concise statement of errors complained of on appeal, in accordance with Pa.R.A.P. 1925(b), quoting **verbatim** the issues appellant wanted him to raise on appeal:

> [I] wish to file a direct appeal and a [PCRA] imidiately [sic] within the 10 days. [N]o way was [I] sitting in this county waiting trial. [T]heres [sic] still illegal sentencing that went on. [O]nce again they charged [$]1500[,] not [$]1000 as stated on the supreme court briefing and decision. [I] was under duress to finalize my sentence. [M]y money issues were not corrected. [I]m [sic] not going to stand there and argue with the judge. [I]ve [sic] had 3 and a [sic] years to think about my case.
>
> . . . .
>
> [I] wish to appeal and a [PCRA. [T]hey illegally are using funds that were illegally gained. [I] want the [trial] court to deny it. [I] was denied reasonable bail when I requested it. [I] also didn't get [RRRI] on my resentence. [T]he da [sic] agreed to same terms....

Rule 1925(b) statement, 2/5/20 at ¶¶ 2-3, quoting "Bail Administration Request Forms," 1/10/20 and 1/11/20 (typos in original; footnote omitted).

Therein, Attorney Bardo also indicated his intention to file an *Anders*/*McClendon* brief. The trial court filed its Rule 1925(a) opinion on February 7, 2020. Appellant's application to consolidate these appeals was granted by this court on February 25, 2020.

On March 2, 2020, we issued an order directing appellant to show cause why his appeals should not be quashed pursuant to our supreme court's holding in *Commonwealth v. Walker*, 185 A.3d 969 (Pa. 2018). Appellant filed a timely response, and this court discharged the rule to show cause, referring the issue to the merits panel. Thereafter, on April 24, 2020, Attorney Bardo filed a petition and brief to withdraw from representation. Appellant did not respond to Attorney Bardo's petition to withdraw.

Prior to any consideration of Attorney Bardo's *Anders* brief and his petition to withdraw, we must first address whether the notices of appeal Attorney Bardo filed on appellant's behalf were in compliance with the requirements set forth in the Pennsylvania Rules of Appellate Procedure and *Walker*. In *Walker*, our supreme court provided a bright-line mandate requiring that "where a single order resolves issues arising on more than one docket, separate notices of appeal must be filed for each case," or the appeal will be quashed. *Id.* at 971, 976-977. The *Walker* court applied its holding prospectively to any notices of appeal filed after June 1, 2018. In the instant case, the notices of appeal were filed on February 5, 2020, and therefore, the *Walker* mandate applies. The appeal was of a single order resolving issues

arising on all three docket numbers. A review of the record demonstrates that appellant filed separate notices of appeal at each docket number; however, all three notices of appeal reference multiple docket numbers in their respective captions. A recent *en banc* panel of this court held that such a practice does not invalidate appellant's separate notices of appeal. *Commonwealth v. Johnson*, ___ A.3d ___, 2020 WL 3869723 at *12 (Pa.Super. July 9, 2020) (*en banc*) (overruling the pronouncement in *Commonwealth v. Creese*, 216 A.3d 1142, 1144 (Pa.Super. 2019), that "a notice of appeal may contain only one docket number."). Accordingly, we shall consider the merits of appellant's appeal.

"When presented with an *Anders* brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." *Commonwealth v. Daniels*, 999 A.2d 590, 593 (Pa.Super. 2010) (citation omitted). In order to withdraw pursuant to *Anders*, "counsel must file a brief that meets the requirements established by our Supreme Court in *Commonwealth v. Santiago*, 978 A.2d 349, 361 (Pa. 2009)." *Commonwealth v. Harden*, 103 A.3d 107, 110 (Pa.Super. 2014) (parallel citation omitted). Specifically, counsel's *Anders* brief must comply with the following requisites:

> (1) provide a summary of the procedural history and facts, with citations to the record;
>
> (2) refer to anything in the record that counsel believes arguably supports the appeal;

> (3) set forth counsel's conclusion that the appeal is frivolous; and
>
> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* (citation omitted).

Pursuant to **Commonwealth v. Millisock**, 873 A.2d 748 (Pa.Super. 2005), and its progeny, "[c]ounsel also must provide a copy of the **Anders** brief to his client." **Commonwealth v. Orellana**, 86 A.3d 877, 880 (Pa.Super. 2014) (internal quotation marks and citation omitted). The brief must be accompanied by a letter that advises the client of the option to "(1) retain new counsel to pursue the appeal; (2) proceed **pro se** on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the **Anders** brief." **Id.** "Once counsel has satisfied the above requirements, it is then this [c]ourt's duty to conduct its own review of the trial court's proceedings and render an independent judgment as to whether the appeal is, in fact, wholly frivolous." **Commonwealth v. Goodwin**, 928 A.2d 287, 291 (Pa.Super. 2007) (**en banc**) (citation and internal quotation marks omitted).

Instantly, we conclude that Attorney Bardo has satisfied the technical requirements of **Anders** and **Santiago**. Attorney Bardo has identified the pertinent factual and procedural history and made citation to the record. Attorney Bardo has also raised multiple claims on appellant's behalf that could

arguably support an appeal, but ultimately concludes the appeal is wholly frivolous. (*See Anders* brief at 9-12.) Attorney Bardo has also attached to his petition a letter to appellant, which meets the notice requirements of *Millisock*. Accordingly, we proceed to conduct an independent review of the record to determine whether this appeal is wholly frivolous.

Appellant first argues that his guilty plea was unknowing and involuntary because he "was under duress to finalize [his] sentence." (*Anders* brief at 9-11; *see also* Rule 1925(b) statement, 2/5/20 at ¶ 2.)

"The law does not require that appellant be pleased with the outcome of his decision to enter a plea of guilty[; a]ll that is required is that [appellant's] decision to plead guilty be knowingly, voluntarily, and intelligently made." *Commonwealth v. Diaz*, 913 A.2d 871, 873 (Pa.Super. 2006) (citation and internal quotation marks omitted), *appeal denied*, 931 A.2d 656 (Pa. 2007). In order to ensure a voluntary, knowing, and intelligent plea, trial courts are required make the following inquires in the guilty plea colloquy:

> (1) the nature of the charges to which he is pleading guilty; (2) the factual basis for the plea; (3) he is giving up his right to trial by jury; (4) and the presumption of innocence; (5) he is aware of the permissible ranges of sentences and fines possible; and (6) the court is not bound by the terms of the agreement unless the court accepts the plea.

*Commonwealth v. Kpou*, 153 A.3d 1020, 1023 (Pa.Super. 2016) (citation omitted); *see also* Pa.R.Crim.P. 590. "Pennsylvania law presumes a

defendant who entered a guilty plea was aware of what he was doing, and the defendant bears the burden of proving otherwise." ***Kpou***, 153 A.3d at 1024 (citation omitted). Moreover, when a defendant seeks to withdraw a plea after sentencing, as is the case here, he must demonstrate "prejudice on the order of manifest injustice before withdrawal is justified." ***Commonwealth v. Yeomans***, 24 A.3d 1044, 1046 (Pa.Super. 2011) (citation omitted).

Here, appellant's contention that his negotiated guilty plea was the result of duress is belied by the record. On January 9, 2020, appellant executed a written guilty plea colloquy wherein he acknowledged, ***inter alia***, that no promises or threats were made to him with regard to his guilty plea or sentence and that he was pleading guilty of his own free will. (Written guilty plea colloquy, 1/9/20 at ¶¶ 49-54.) That same day, the trial court conducted an on-the-record colloquy, as mandated by Rule 590. The transcript of the guilty plea colloquy demonstrates that the trial court inquired at great length with regard to appellant's decision to plead guilty. Appellant indicated during this hearing that he understood his right to a jury trial and that he was considered innocent until proven guilty. (Notes of testimony, 1/9/20 at 31-32.) Appellant further acknowledged that he understood the elements of the charges he was pleading guilty to at each docket number, and the permissible ranges of sentences and fines possible for each count. (***Id.*** at 33-46.) Appellant was also given a factual basis for the plea. (***Id.*** at 47-50.) Furthermore, appellant indicated that he reviewed the written guilty

plea colloquy with Attorney Bardo prior to signing it, and again acknowledged that he was "mak[ing this decision [to plead guilty] for himself." (*Id.* at 45-46, 51.) The trial court also gave appellant an explanation of his appellate rights, and appellant indicated that he understood them. (*Id.* at 53-54.)

This court has long recognized that "[a] person who elects to plead guilty is bound by the statements he makes in open court while under oath and he may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy." *Commonwealth v. Turetsky*, 925 A.2d 876, 881 (Pa.Super. 2007) (citation omitted), *appeal denied*, 940 A.2d 365 (Pa. 2007). Based on the foregoing, we find that appellant is bound by the statements he made during his guilty plea colloquies, and his claim that the negotiated guilty plea was a product of duress is meritless.

Appellant next contends that the sentence imposed at No. 1496-2016 was illegal because the trial court imposed a $1500 fine and "not [$]1000 as stated on the supreme court briefing and decision." (*Anders* brief at 11-12; *see also* Rule 1925(b) statement, 2/5/20 at ¶ 2.)

"A challenge to the legality of [a] sentence may be raised as a matter of right, is non-waivable, and may be entertained so long as the reviewing court has jurisdiction." *Commonwealth v. Robinson*, 931 A.2d 15, 19-20 (Pa.Super. 2007). "The determination as to whether the trial court imposed an illegal sentence is a question of law; our standard of review in cases dealing

with questions of law is plenary." ***Commonwealth v. Stradley***, 50 A.3d 769, 772 (Pa.Super. 2012) (citation omitted).

Instantly, the record reflects that appellant pled guilty at No. 1496-2016 to, ***inter alia***, DUI — controlled substance in violation of Section 3802(d), his second offense of this nature, and the trial court sentenced him to 90 days' imprisonment and a $1500 fine in accordance with the mandatory sentencing provisions set forth in 75 Pa.C.S.A. § 3804(c)(2)(ii). Our supreme court confirmed in appellant's prior appeal that the mandatory $1500 fine imposed by the trial court at No. 1496-2016 was legal. ***See Ford***, 217 A.3d at 827. Accordingly, appellant's challenge to the legality of sentence is meritless.

Appellant also argues that "the Department of Corrections ("DOC") is . . . using funds that were illegally gained." (***Anders*** brief at 12; ***see also*** Rule 1925(b) statement, 2/5/20 at ¶ 3.) This court has long recognized that the proper forum for contesting the DOC's collection of fines and costs pursuant to Act 84[6] is in the Commonwealth Court. Pursuant to 42 Pa.C.S.A.

---

[6] Pursuant to Section 9728(b) of the Sentencing Code, commonly referred to as Act 84:

> The [DOC] shall make monetary deductions of at least 25% of deposits made to inmate wages and personal accounts for the purpose of collecting restitution, costs imposed under section 9721(c.1), filing fees to be collected under section 6602(c) (relating to prisoner filing fees) and any other court-ordered obligation.

42 Pa.C.S.A. § 9728(b)(5)(i).

§ 761, "[t]he Commonwealth Court shall have original jurisdiction of all civil actions or proceedings . . . [a]gainst the Commonwealth government, including any officer thereof, acting in his official capacity[.]" ***Id.*** at § 761(a)(1). This includes statewide agencies like the DOC. ***See Commonwealth v. Jackson***, 858 A.2d 627, 629-630 (Pa.Super. 2004) (affirming the trial court's conclusion that it lacked jurisdiction over defendant's Act 84 motion without prejudice to seek relief in the Commonwealth Court); ***see also Commonwealth v. Danysh***, 833 A.2d 151, 153-154 (Pa.Super. 2003) (holding that a motion seeking to enjoin Act 84 deductions is a civil action against the DOC for which the Commonwealth Court had exclusive jurisdiction). Accordingly, appellant's claim is outside this court's jurisdiction and must fail.

In his final claim, appellant contends the trial court erred in failing to include RRRI minimum sentences in his January 9, 2020 sentencing orders, per the terms of his negotiated guilty plea. (***See*** Rule 1925(b) statement, 2/5/20 at ¶ 3.) This claim is belied by the record. As noted, on February 4, 2020, the trial court granted appellant's "Post Sentence Motion ***Nunc Pro Tunc*** or Motion to Correct Illegal Sentence," and directed the Clerk of Court to amend the January 9, 2020 sentencing orders to reflect an RRRI sentence of 18 months at No. 1443-2016 and an RRRI sentence of 9 months

at No. 1496-2016. (Trial court order, 2/4/20 at ¶¶ 3-4.) Accordingly, appellant's final claim warrants no relief.[7]

Based on the foregoing, we agree with Attorney Bardo's assessment that this appeal is wholly frivolous and that appellant is not entitled to relief on his claims. After our own independent review of the record, we discern no additional issues of arguable merit. Accordingly, we grant Attorney Bardo's petition to withdraw and affirm the amended judgments of sentence.

Judgments of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/29/2020

---

[7] Although not briefed by Attorney Bardo in his ***Anders*** brief, to the extent appellant argues that he "was denied reasonable bail when [he] requested it," ***see*** Rule 1925(b) statement, 2/5/20 at ¶ 3, this claim is not cognizable on appeal. As recognized by the trial court, "in pleading guilty, [appellant] effectively waived all claims except for the validity of the plea, the jurisdiction of the court accepting his plea, and the legality of sentence." (Trial court opinion, 2/7/20 at 11.) ***See Commonwealth v. Williams***, 204 A.3d 489, 495 (Pa.Super. 2019) (stating, "when a defendant pleads guilty, he waives the right to challenge anything but the legality of his sentence and the validity of his plea." (citation omitted)).